UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTIN RYAN KEAGHEY                                CIVIL ACTION

VERSUS                                             NUMBER: 19-12713

HOUMA POLICE DEPARTMENT, ET AL.                    SECTION: "A"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by pro se Plaintiff, Justin Ryan Keaghey, against Defendants, the Houma Police Department ("HPD"); Judges George J. Larke, John R. Walker, Juan W. Pickett, and Randall L. Bethancourt of the Thirty-Second Judicial District Court; Terrebonne Parish Sheriff Jerry J. Larpenter; the Terrebonne Parish Criminal Justice Complex ("TPCJC"); and, the Terrebonne Parish Sheriff's Office ("TPSO"). (Rec. docs. 5; 1, pp. 1, 4).

Plaintiff is an inmate of TPCJC since his arrest on an unspecified charge(s) on August 20, 2019. (Rec. doc. 1, p. 3). As his statement of claim herein, Plaintiff alleges as follows:

> HPD officers committed criminal haring (sic) and the TPCJC employees refuse to give me info or actual names of officers which is obstruction of justice which is an oath they swore to protect amongst many other acts they have deprived me of my rights in every form there is. Also, due to my history in this parish I believe it was deliberate and possibly conspiracy. HPD officers tazed me in stomach and when unaffected I was pointed the other tazer in my face from less than 10 feet away more like 5 foot. Listed Judges are bias and unfair. And much more. Was denied a speedy trial without a contradictory hearing.

(*Id.* at p. 5).

For these alleged transgressions, Plaintiff seeks a smorgasbord of relief, including the formal recognition of his rights and his release from custody to litigate this case "… and allowed sua sponte eligibility and state sovereignty;" no less than one million dollars in

settlement; partial ownership of TPCJC and 10% of its proceeds for life; paid schooling to become a lawyer in the field of civil rights; $10,000.00 in living expenses until this case is finalized; the appointment of counsel; and "[a] typewriter and my own cell and/or help with writing my book." (*Id.*).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 5). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Aside from Sheriff Larpenter, the named Defendants in this matter can be grouped as falling into two separate categories: 1) the HPD, the TPCJC, and the TPSO and 2) the four sitting state-court Judges. As to the former group, the law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, police departments of cities like the HPD are not considered to be "persons" within the meaning of §1983. *Causey v. Parish of Tangipahoa*, 167 F.Supp. 2d 898, 909 (E.D. La. 2001); *Melancon v. New Orleans Police Dept.*, No. 08-CV-5005, 2009 WL 249741 at *1-2

(E.D. La. Jan. 30, 2009). In a similar vein, correctional facilities like the TPCJC are not considered to be "persons" within the meaning of §1983 as they are buildings and not entities or persons capable of being sued as such. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998). And, as respects the TPSO, in Louisiana a "… sheriff's office is not a legal entity capable of being sued …" *Cozzo v. Tangipahoa Parish Counsel-President's Gov't.*, 279 F.3d 273, 283 (5th Cir. 2002); *Wetzel*, 610 F.Supp.2d at 548; *Causey*, 167 F.Supp.2d at 904; *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988). In light of these authorities, it will be recommended that Plaintiff's §1983 claims against the HPD, the TPCJC, and the TPSO be dismissed as frivolous and for failure to state a claim under §1915(e)(2)(B)(i) and (ii).

With respect to the named Defendant state-court Judges, Plaintiff alleges only that one or more of them denied him a speedy trial without a contradictory hearing and that they otherwise exhibited unidentified bias and unfairness in the proceedings pending before them. Such conduct is clearly judicial in nature, triggering the application of judicial immunity. *Jones v. Judge of the 129th, Harris County Dist. Court*, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)). As such, Plaintiff's §1983 claims against Judges Larke, Walker, Pickett, and Bethancourt in their individual capacity fails due to the absolute judicial immunity that those Judges enjoy. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1979); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). Further, any such claim brought against the named Defendant Judges in their official capacity falters for two separate reasons. First, the Judges are state officials and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. *Washington v. Louisiana*, No. 09-CV-3186, 2009 WL 2015556 at *5 (E.D. La. Jun. 30, 2009). Second, because

3

an official-capacity claim against the Judges is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 1983, 188 (5th Cir. 1986); *Doris v. VanDavis*, No. 08-CV-4138, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009). For these reasons, it will be recommended that Plaintiff's §1983 claims against the Defendant Judges be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

With the recommended dismissal of Plaintiff's claims against HPD/TPCJC/TPSO and the named Defendant state-court Judges, that leaves before the Court Plaintiff's purported §1983 claim against the Sheriff. Plaintiff gives no clear indication in his complaint of the capacity in which the Sheriff is being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp.2d 877, 888-89 (E.D. La. 2008). "In a suit brought against a municipal official in his official capacity, the plaintiff must how that the municipality has a policy or custom that caused his injury." *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "… must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against Sheriff Larpenter in his official capacity fail to state a claim upon which relief can be granted under

§1983, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as having been made against the Sheriff in his individual capacity, Plaintiff fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory officials like the Sheriff ". . . cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is simply not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Sheriff as a Defendant in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no factual allegations whatsoever regarding the Sheriff's involvement in the matter of which Plaintiff complains herein. Absent such allegations of personal involvement, there is no valid basis upon which to hold the Sheriff liable under §1983. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). Plaintiff does attach to his complaint 17 inmate grievance forms in which he complains of various occurrences at TPCJC, including a lack of privacy and pillows at that facility. (Rec. doc. 1-1, pp. 1-17). However, in only one of those forms is the Sheriff even

mentioned and even there it was in terms of a prospective request to speak with the Sheriff about making free indigent emergency calls to an attorney or family member and to receive an evening meal that he was apparently deprived of on one occasion. (*Id.* at p. 6). That prospective request fails to demonstrate the level of participation needed to establish §1983 liability on the Sheriff's part. *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). For all these reasons, it will be recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  17th  day of        October        , 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

6